**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III, Esq.
Nicholas J. Bontrager, Esq.
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY JENNIZA CRUZ-MONDRAGON, <br><br> Plaintiff, <br><br> v. <br><br> POSSIBLE FINANCIAL, INC., <br><br> Defendant <br> _____ | CASE NO.:  5:23-cv-788 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, ASHLEY JENNIZA CRUZ-MONDRAGON, by and through her attorneys, Martin & Bontrager, APC, and files her Complaint against Defendant, POSSIBLE FINANCIAL, INC., as follows:

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. § 1785, et. seq. ("CCCRAA"), the California Identity Theft Statute, Cal. Civ. § 1798, et seq. ("CITS) and the Fair Credit Reporting Act ("FCRA").

2.      Plaintiff is a natural person residing in Los Angeles County in the State of California and is a "consumer" as defined by the CCCRAA.

3.      At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting an alleged debt from Plaintiff which qualifies as a "consumer debt," as defined by the RFDCPA. Defendant regularly attempts to collect debts, and therefore is a "debt collector" as defined by the RFDCPA and is a "furnisher of information" as defined by Cal. Civ. Code § 1785.25(a).  Defendant is therefore a "person" as defined by Cal. Civ. Code § 1785.3(j).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the instant claims asserted herein pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff is a citizen of California and Defendant is a corporation with its corporate headquarters, and citizenship, in Delaware.  Further, the claims asserted herein exceed the minimum amount in controversy of $75,000.00.

5.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the facts alleged, and injuries caused, took place, or were caused within the State of California and in Riverside County. Further, Plaintiff, an individual consumer, resides in Palm Springs, California and this Judicial District.

## FACTUAL ALLEGATIONS

6.      Plaintiff is a victim of identity theft.

7.      The identity of the thief is not known, but a credit card account was opened using Plaintiff's information in or around 2020 – Though Plaintiff only discovered the fraudulent account when seeking potential home loan financing in the summer of 2022.

8.      This identity thief used the fraudulently obtained credit account as shown by Defendant's reporting of the account on Plaintiff's credit reports.

9.    As the contact information used to create the fraud account was not that of Plaintiff's, Plaintiff was not aware of the opening of the account for years thereafter, until Plaintiff attempted to open lines of credit under her name.

10.    However, upon Plaintiff's notification of the fraudulently opened account, Plaintiff immediately contacted Defendant in writing, advising Defendant that Plaintiff did not open the account, Plaintiff did no authorize anyone to open the account, that Plaintiff did not purchase the items resulting in the charges, and requested that Defendant close the account immediately.

11.    Defendant has denied Plaintiff's claims.

12.    Plaintiff has also submitted a police report providing information regarding same to Defendant.  Defendant continues to deny Plaintiff's legitimate claims of Identity Theft and continues to report the account, the balance, and the payment history on Plaintiff's credit report(s) with two (2) of the three (3) main Credit Reporting Agencies.

13.    Further, Plaintiff disputed Defendant's credit reporting of the fraudulent account.  However, Defendant continued to report the account as verified on Plaintiff's credit reports to this date.

14.    On information and belief, upon receipt of Plaintiff's disputes, the three major credit bureaus sent automatic customer dispute verification (ACDV) forms to Defendant informing it that Plaintiff was disputing Defendant's credit-reporting of her account on her credit files.

15.    In the face of these ACDVs, Defendant continued  to credit report the account, its balance and its payment history and did not include any notation in said credit reporting that the debt is disputed as fraud by Plaintiff.

16.    Plaintiff has spent countless hours over the past year trying to rectify this issue.  Plaintiff has also reported this incident to the police.

17.     Notwithstanding Plaintiff's exhaustive efforts in this regard, Defendant continued to attempt to collect charges from Plaintiff that were incurred as a result of identity theft by way of reporting on Plaintiff's credit reports.

18.     As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and will continue to suffer the same for an indefinite time in the future, all to her great detriment and loss.

19.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from injury to her credit rating and reputation and will continue to suffer the same for an indefinite time in the future, all to her great detriment and loss.

20.     As a result of Defendant's conduct, Plaintiff has suffered decreased credit score as a result of errors and omissions appearing on her credit file, preventing her from being able to obtain credit, and diminishing her existing and future creditworthiness.

## FIRST CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§1785.25(a))**

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

23.     California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

24.     California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

25.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

26.     Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## SECOND CAUSE OF ACTION

### Violations of California Civil Code § 1798.92-97

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

34.     As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## FOURTH CAUSE OF ACTION

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.**

35.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.    The FCRA requires a furnisher such as Defendant after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

37.    Within the last two years, Defendant provided inaccurate information to the credit reporting agencies regarding Plaintiff.

38.    Within the past two years, Plaintiff notified the major credit bureaus that her credit reports concerning Defendant's trade-line was inaccurate. Thereafter, the major credit bureaus notified Defendant that Plaintiff was disputing the information Defendant had furnished to them.

39.    Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b):

a.    willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.    willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

c.    willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d.    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e.      willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f.      willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

g.      willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

40.      In attempting to collect the aforementioned alleged debt, Defendant, by and through its agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information about the Plaintiff to one or more consumer reporting agencies notwithstanding the fact that Defendant knew, or consciously avoided knowing, that such information was inaccurate; to wit, Defendant continued to report that Plaintiff owes a deficiency balance for fraudulent charges which she did not incur, and in so doing, engaged in false and deceptive means to collect a debt from Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

41.      An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), Cal. Civ. Code § 1798.93(c) and 15 U.S.C. § 1681(n).

42.      Statutory damages/civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);

COMPLAINT AND DEMAND FOR JURY TRIAL

43.     Statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o);

44.     Punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.25(a) pursuant to Cal. Civ. Code § 1785.31;

45.     An award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

46.     An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(d); and Cal. Civ. Code § 1798.93(c)(5), and 15 U.S.C. § 1681(o).

47.     Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff hereby demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: May 3, 2023          **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager

*Attorney for Plaintiff*